816 F.2d 682
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael STEPHENS, Plaintiff-Appellant,
v.
CARTER COUNTY JAIL; William Crumley, Sheriff; E.T. Hughes,
Deputy; and Mike Elliott, Deputy, Defendants-Appellees.
 No. 86-5565.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff moves the Court for the appointment of counsel in his appeal from a district court's judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983.
 
 
 2
 Seeking monetary damages, plaintiff sued several county jail officials for allegedly exposing him to cruel and unusual conditions of confinement in a holding cell for a period of approximately twenty hours without food, water, sheets, a blanket, a shower and a bunk-bed.
 
 
 3
 Upon review of the case, we conclude that the district court's judgment should be affirmed. Although the circumstances of the plaintiff's confinement were harsh and unfortunate, due to the short duration of his stay at the jail, his alleged conditions of confinement simply did not constitute unnecessary and wanton infliction of pain nor otherwise contravene evolving standards of decency to the extent they were repugnant to the Eighth Amendment of the Federal Constitution. Estelle v. Gamble, 429 U.S. 97, 102-103 (1976). Contrary to plaintiff's belief, length of confinement under allegedly deplorable conditions is relevant to the analysis of an Eighth Amendment claim. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978). In the instant case, the duration of plaintiff's stay at the county jail was brief; his cell was sanitary; and he admittedly used the restroom on the morning of his departure. In addition, in light of plaintiff's recent assault on the deputy sheriff, the defendants were vested with very broad discretion in adopting policies and procedures which were needed to preserve internal order and security. See Whitley v. Albers, 106 S.Ct. 1078 (1986). In balance, the circumstances of plaintiff's conditions of confinement simply did not violate the Eighth Amendment of the Federal Constitution.
 
 
 4
 This panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The plaintiff's motion for the appointment of counsel is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.